The document below is hereby signed.

Signed: March 16, 2009.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re | ) | |
|---|---|---|
| | ) | |
| KATHY ROCK, | ) | Case No. 09-00132 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO ACCEPT CERTIFICATE OF CREDIT COUNSELING

The debtor filed a credit counseling certificate reflecting that she obtained credit counseling on August 21, 2008, which was 183 days before she commenced this bankruptcy case on February 20, 2009.  The counseling having been obtained more than 180 days prior to the filing of the petition (even though obtained within six months of filing of the petition), the certificate fails to comply with 11 U.S.C. § 109(h), which requires that the counseling be obtained "during the 180-day period preceding the date of filing of the petition . . . ."  In response to an order to show cause why the case ought not be dismissed, debtor has filed a motion for the court to accept, as satisfying the requirement of § 109(h), a certificate of credit counseling reflecting that she obtained credit counseling on

March 9, 2009, *after* the commencement of this case.  For cause,

she asserts that "[n]o prejudice to any creditor will result from

the acceptance of the March 9, 2009 certificate of credit

counseling."  It seems senseless to dismiss the case and to put

the debtor and her counsel to the burden of starting all over

again, particularly when she is represented by pro bono counsel.

Unfortunately, with exceptions of no applicability here, § 109(h)

grants the court no discretion to permit the debtor to be a

debtor in a bankruptcy case without having obtained the required

credit counseling within 180 days *before* the commencement of the

case.  Accordingly, the debtor's motion must be denied, and the

case will be dismissed without barring her from filing a new

case.[1]  It is thus

    ORDERED that the Debtor's Motion for Acceptance of

Certificate of Credit Counseling (Docket Entry No. 25) is DENIED.

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office
of United States Trustee.

---

    [1]  The debtor's Schedules I and J suggest that she would be
eligible for a waiver of the filing fee in a new case.  See 28
U.S.C. § 1930(f)(1) and Official Form 3B.  In a new case, the
debtor's counsel should take note of 11 U.S.C. § 362(c)(3) and
(4), and the limited window of time within which the court can
grant a motion under those provisions, such that it is important
to include a LBR 9013-1 notice with such a motion, and promptly
obtain from the clerk a hearing date.  It is additionally noted
that the debtor's verification of the mailing matrix was unsigned
in this case and should be signed in any new case.